UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASHLEY GARCIA<br>　　Petitioner, | §<br>§<br>§ | |
| v. | § | Cause No. 2:14 cv 97 |
| | § | |
| United States,<br>　　Respondent. | §<br>§<br>§ | |

### RESPONDENT'S MOTION TO DISMISS PETITIONER'S
### PETITION TO QUASH SUMMONS

**COMES NOW**, Respondent and respectfully requests this Court enter its Order dismissing Petitioner's Petition to Quash Summons as subject matter jurisdiction is absent in the Petition. As grounds therefore Respondent states:

### INTRODUCTION

Petitioner Ashley Garcia seeks to quash Internal Revenue Service investigatory summons to certain lending institutions regarding transactions involving real property. Petitioner states that she has not been provided evidence of taxpayer Rodney Sanchez tax obligations for the years 2003, 2004, and 2005. (See Petition filed by Petitioner at pages 4-6). Respondent served its summons for the purpose of inquiring into data held by third parties relating to the tax liability and collection of taxes assessed to Taxpayer Rodney Sanchez. See Exhibit 1, Declaration of Debra Bryant. A Summons was served on two separate title companies for this purpose on March 5, 2014. A copy of these summons were mailed to Petitioner on March 6, 2014 although notice is not required in action for collection of assessments or liability therefore. 26 U.S.C. §7609(c)(2)(D)(ii). The Petitioner is, therefore, not entitled to notice regarding the summons.

Case 2:14-cv-00097   Document 2   Filed in TXSD on 04/17/14   Page 2 of 4

## ARGUMENT

**1.     Respondent respectfully submits that this Court does not have subject matter jurisdiction in this case.**

Congress provides a comprehensive statutory scheme for the issuance and enforcement of Internal Revenue Service summonses.  26 U.S.C. § 7602(a) Authority to summon, etc. does in fact authorize the IRS to issue summons to persons having data bearing on a determination of a taxpayer's tax liability.  Petitioner incorrectly asserts that this section doesn't allow for issuance of summons. The statute broadly allows such power and includes summoning of persons holding any accounts, books or other data "**which may be relevant or material**" to any inquiry. Id.  26 U.S.C. § 7609 also provides for summonses to be issued to third parties as occurred in this case. While Petitioner was noticed as to the issuance of the summons to third parties, such notice was not required, 26 U.S.C. § 7609 (c)(2)Exceptions(D)(i) and (ii). Because this limited waiver of sovereign immunity is purely statutory, the provisions of the statute must be strictly followed.  In this case, Petitioner does not have standing to Petition the District Court as she is not the entity summoned and was not entitled to notice. Id., § 7609(b).  Therefore, Petitioner lacks standing in this case and this Court lacks subject matter jurisdiction as a result.  *See Trowbridge v. IRS*, 2013WL6002205 *2 (S.D.Tex) (Only a person who is entitled to notice shall have the right to begin a proceeding to quash) relying on *Barmes v. United States,* 199 F.3d 386, 388 (7th Cir.1999)("the United States cannot be sued unless by statute Congress has expressly and unequivocally waived the government's sovereign immunity.")  While Petitioner starts off on the right foot with her subject matter jurisdiction on page 9, paragraph 36 of her Petition she arrives at the wrong conclusion that Respondent is invoking the Federal District Court's subject matter jurisdiction.  In fact, Respondent denies that this Court has subject matter jurisdiction to entertain Petitioner's Petition to Quash.

2

Petitioner's reliance on "general jurisdictional statutes such as 28 U.S.C. §§ 1331, 1340, and 1346"[1], do not waive the government's sovereign immunity without an explicit statement from Congress". (FN added). *Taylor v. United States*, 292 Fed.Appx.383, 385 (5th Cir. 2008), ("Courts have held that an action to quash a summons issued by the IRS is a suit against the United States requiring a waiver of its sovereign immunity.), *See,* Barmes, *supra,* at 388.

Pursuant to the statute, and, as set out in case law, Petitioner had no 'right' to notice and therefore has no standing to petition the District Court. There can be no factual dispute as to this lack of subject matter jurisdiction, and Respondent respectfully requests this Petition be dismissed.

**2.     Petitioner requests a jury at Paragraph 43 of the Petition.**

There needs to be a statutory provision allowing for a jury otherwise the case would be tried before the Court without a jury pursuant to 29 U.S.C. § 2402, assuming any jurisdiction existed.

**3.     Petitioner alleges that Constitutional violations provide jurisdiction.**

The United States cannot be sued directly for a violation of the Constitution as there is no waiver of sovereign immunity by the United States for alleged violations of the Constitution. *See, Hernandez v. United States,* 802 F.Supp.2d 834, 844 (W.D. Tex. 2011)(Court granted motion as to Constitutional Torts "because it agrees that the United States has not waived its sovereign immunity for constitutional torts under the FTCA. Citing *Spotts v. United States,* 613 F.3d 559, 569 n. 7 (5th Cir.2010).

Since jurisdiction is a threshold issue, and dispositive here, the alleged 'facts' are not addressed.

---

[1] *See* Petition at Page 3 paragraph 5

## CONCLUSION

Respondent respectfully moves this Court dismiss this Petition with prejudice as there is a complete lack of subject matter jurisdiction for Petitioner's claim.

        Respectfully submitted,

        KENNETH MAGIDSON
        United States Attorney

By:    s/ *Virgil (Hank) Lewis, II*
        VIRGIL (HANK) LEWIS, II
        Assistant United States Attorney
        Federal Bar No. 1531439
        New Mexico State Bar No. 1531
        800 North Shoreline, Suite 500
        Corpus Christi, Texas 78401
        (361) 888-3111
        (361) 888-3200 (Facsimile)
        Virgil.Lewis@usdoj.gov (E-mail)
        Attorneys for Defendant(s)

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2014, a true and correct copy of the foregoing was mailed to Petitioner via U.S. certified Mail/Return–Receipt Requested in accordance with the Federal Rules of Civil Procedure.

        s/ *Virgil (Hank) Lewis, II*
        VIRGIL (HANK) LEWIS, II
        Assistant United States Attorney